UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH YOSI PENDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 06 C 1605 |
| | ) |
| HOME DEPOT USA, INC., | ) Judge George M. Marovich |
| DAVID BRIAN LYLE, WINSTON COATES, | ) |
| UNKNOWN DEFENDANT NUMBER 1, | ) |
| and MICHAEL CAMERON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Yosi Pendo ("Pendo") filed an amended complaint against defendants Home Depot USA, Inc. ("Home Depot"), David Brian Lyle ("Lyle"), Winston Coates ("Coates"), unknown defendant number one[1] and Michael Cameron ("Cameron"). Before the Court is defendant Cameron's motion for summary judgment. For reasons set forth below, the Court grants the motion with respect to plaintiff's § 1983 claim against Cameron and dismisses without prejudice plaintiff's remaining claims.

### I. Background

Unless otherwise noted, the following facts are undisputed (as to the parties to this motion).[2]

---

[1] The docket sheet does not reflect plaintiff's ever having achieved service on "unknown defendant number one." Accordingly, the Court dismisses without prejudice plaintiff's claims against unknown defendant number one for failure to serve him within 120 days. *See* Fed. R. Civ. P. 4(m).

[2] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For

On June 17, 2005, plaintiff Pendo experienced a frustrating situation while shopping at a Home Depot store in Evanston, Illinois. Before long, Pendo had been arrested.

Pendo's frustration stemmed from the fact that the Home Depot store had difficulty locating the proper price for one of the three items (a two-foot length of chain, a rope and a hook) he took to the check-out counter. When the cashier scanned the chain, it registered at a cost of $59.00. Pendo told the cashier that the proper price was about $1.05. In an attempt to clarify the proper price, the cashier called over the public address system for an employee from the Hardware Department. Minutes passed. The cashier called over the cashier manager, who, again, called over the public address system for an employee from the Hardware Department. Another five to ten minutes passed. Pendo asked the cashier manager to go to the Hardware Department, and the cashier manager said he could not. Another five to ten minutes passed. The cashier manager called over the public address system for the store manager. Another five to ten minutes passed. Pendo asked the cashier how much the items would cost, and he was told between $8.00 and $9.00. Pendo gave the cashier $9.00 along with a note that contained his name, address and telephone number. Pendo picked up the items and exited the store.

Once he had left the store, Pendo was accosted by Home Depot security officers, including defendant Coates. Plaintiff has put forth undisputed evidence (in the form of his own affidavit) that the Home Depot security officers grabbed Pendo by his hair, slammed him to the ground, slammed him into a car and handcuffed him.

---

example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth admissible evidence of his or its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

It is also undisputed that on June 17, 2005 at 7:53 p.m., defendant Cameron, an Evanston Police Officer, responded to a call for service at the Home Depot. When he arrived at the Home Depot, Officer Cameron met with defendant Coates. Coates informed Officer Cameron that Pendo was waiting to pay for items when he became impatient and left the store with the items. Coates told Officer Cameron that Pendo had put $9.00 on the counter before exiting the store but that the cost of the goods he removed was $10.94. Coates also told Officer Cameron that when Coates asked Pendo for a receipt, he was unable to provide one.

Officer Cameron then went to the Home Depot security office, where Pendo was being detained by Home Depot. Pendo told Officer Cameron he had paid $9.00 for the items and that he had told the cashier to call him if he needed to pay more. Pendo also told Officer Cameron that he had been injured by Home Depot's employees. Officer Cameron learned from Home Depot employees that Home Depot wanted to press charges of retail theft. Ultimately, Coates signed a misdemeanor complaint against Pendo for retail theft.

Officer Cameron arrested Pendo and took him to the Evanston police station for processing. After processing, Officer Cameron called the Evanston paramedics to examine Pendo.

Pendo filed suit in this Court. The Court has jurisdiction over this case because Pendo brings a claim against Cameron under 42 U.S.C. § 1983. In that claim, Pendo asserts that he was arrested unlawfully in violation of the Fourth Amendment to the United States Constitution. Pendo's other claims are state-law claims. Cameron asserts a qualified immunity defense and moves for summary judgment. No other defendant has (yet) moved for summary judgment.

## II.     **Summary judgment standard**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

### III.    Discussion

#### A.    Plaintiff's § 1983 claim

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their person, house, papers, and effects, against unreasonable searches and seizures." Const. Amend. IV. Pendo claims that Officer Cameron violated his constitutional rights by wrongfully arresting him at the Home Depot on June 17, 2005.

The parties agree that "[p]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest." *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006). Police officers have probable cause for an arrest "when 'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person [to believe] that the suspect had

committed' an offense." *Mustafa*, 442 F.3d at 547 (quoting *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)). Probable cause requires only that a "reasonably credible witness [has informed] an officer that a suspect has committed a crime." *Mustafa*, 442 F.3d at 548; *see also Gramenos v. Jewel Comp., Inc.*, 797 F.2d 432, 440 (7th Cir. 1986) ("A rule under which a single eyewitness's report can be probable cause does not induce the police to make careless arrests; their own concern for their reputations as producers of good cases will lead them to do more as a rule."). An officer can have probable cause even if the report turns out not to be true. *Mustafa*, 442 F.3d at 548 ("The existence of probable cause does not depend on the actual truth of the complaint.")

Here, it is clear as a matter of law that Officer Cameron had probable cause to arrest Pendo. It is undisputed that when Officer Cameron arrived on the scene, Coates informed him that Pendo was waiting to pay for items when Pendo became impatient and left the store with the items. Coates told Officer Cameron that Pendo had put $9.00 on the counter before exiting the store but that the cost of the goods he removed was $10.94. Pendo, too, informed Officer Cameron that he paid only $9.00. Officer Cameron was entitled to rely on Coates's statement that Pendo had taken more than he had paid for unless he had facts that would lead a reasonable officer to question Coates's veracity. *Sterling v. Kazmierczak*, 983 F.Supp. 1186, 1190 (N.D. Ill. 1997). Far from having facts that would make someone question Coates's veracity, Officer Cameron had Pendo's statement that he had, in fact, paid only $9.00. Pendo does not dispute that the actual value of the goods was $10.94. That suffices for probable cause.

Pendo argues instead that he should not have been arrested because Officer Cameron should have known that he did not intend to permanently deprive the store of the goods without

paying for them given that he told the cashier to contact him if the store needed more money from him.  The Seventh Circuit rejected a similar argument in *Mustafa*.  There, the plaintiff, who was arrested for making a bomb threat, argued that the arresting officer knew she did not actually have a bomb.  The Seventh Circuit explained that "probable cause does not depend on the actual truth of the complaint."  *Mustafa*, 442 F.3d at 548.  It was reasonable for Officer Cameron to arrest Pendo and let a fact-finder determine whether he was actually guilty.  Accordingly, Officer Cameron had probable cause to arrest Pendo, and Cameron is entitled to judgment as a matter of law on plaintiff's § 1983 claim.

Furthermore, even if plaintiff could show that it is not unlawful to take more merchandise from a store than you pay for so long as you leave a note saying you will later pay more (a position for which plaintiff has cited no cases), Officer Cameron was still entitled to qualified immunity for reasonably believing that he had probable cause.  If a police officer violates the Fourth Amendment, he is entitled to qualified immunity "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Smith v. City of Chi.*, 242 F.3d 737, 742 (7th Cir. 2001); *see also Sornberger v. City of Knoxville*, 434 F.3d 1006, 1014 (7th Cir. 2006) ("even if probable cause is lacking with respect to an arrest, the arresting officer is entitled to immunity so long as his belief that he had probable cause was objectively reasonable.").  "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)).  The case "should not be permitted to go to trial if there is *any* reasonable basis to conclude that probable cause existed."  *McDonnell v. Cournia*, 990 F.2d

963, 968 (7th Cir. 1993). Where a law is "open to interpretation, qualified immunity protects police officers who reasonably interpret an unclear statute." *Mustafa*, 442 F.3d at 549. It was reasonable for Officer Cameron to conclude that it is unlawful for one to remove from a store items with retail cost that is greater than the amount one paid. Accordingly, Officer Cameron is entitled to qualified immunity on plaintiff's § 1983 claim. His motion for summary judgment as to that claim is granted.

    **B.**    **Plaintiff's remaining claims**

Plaintiff's remaining claims against Officer Cameron and the other defendants are state law claims, over which the Court lacks any independent jurisdiction. Accordingly, per the usual practice, the Court exercises its discretion to dismiss without prejudice the remaining state law claims against Cameron and the remaining defendants, because it has disposed of the only claim over which it had subject matter jurisdiction. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.").[3]

**IV.**    **Conclusion**

---

[3]Because the Court is dismissing the remaining claims without prejudice, it does not consider the merits of defendant's motion for summary judgment as to plaintiff's assault and battery claim against Cameron.

For the reasons set forth above, the Court grants in part and denies in part defendant Cameron's motion for summary judgment. The Court grants Cameron summary judgment on plaintiff's § 1983 claim (Count I). The Court dismisses without prejudice plaintiff's remaining claims.

ENTER:

George M. Marovich
United States District Judge

DATED: November 13, 2007